Lane, C. J.
In 1809, Massie gave a bond to Matthews, conditioned to convey on demand, by a good warranty deed, “ a tract of 566 acres, part of Craighead’s survey on Cæsar’s Creek,” and, likewise, “ 434 *353 acres on the Rocky Fork of Paint, which shall be worth, at this day, $2 per acre, in the customary term of selling,”
Massie died in 1813. By the operation of certain special statutes of Ohio, (O. L. Laws xviii, 93 : xix, 80,) the defendant Wallace was made a trustee for his heirs, to adjust conflicts of entries, effect surveys, acquire titles in the names of heirs, transfer titles to those who held the evidences of a right to a conveyance, and to sell, for the payment of debts of the estate.
At the time of Massie’s death, he had no unincumbered lands on Paint Creek, or any of its waters, except an equitable interest in 600 acres on the Rocky Fork of Paint. In 1822, the executors of Matthews, having accepted a conveyance from Wallace, as trustee, of the land on Caesar’s creek, filed their bill in the case now under review, against the present plaintiff, to obtain a conveyance of 434 acres, on the ground that this was the land to which Massie’s contract related. Massie left five children; one was an adult married woman, who, with three minors, lived in Kentucky ; the other heir was a minor, who lived in this state. In October, 1822, publication of pendency was ordered, to notify those defendants who lived out of the state, but no evidence of such publication appears on the record. In October, 1823, Wallace was appointed guardian ad litem, and in December, 1823, a subpoena was issued against him, to make him a party in that capacity. In April, 1824, he acknowledged service, and entered the appearance of all the defendants.
In April, 1824, Wallace, as the agent and attorney in fact of the 353] adult heir, and of her husband, and as guardian ad litem *of the minor defendants, filed a joint and several answer, admitting the truth of the facts charged. A decree was thereupon entered, which notices no parties or interests except Matthews, Wallace, and the heirs, and which directs a conveyance, by metes and bounds, of a tract which is called four hundred, but which really contains five hundred and six acres.
This bill of review was filed in 1835, soon after some of the heirs became of age. The statute of limitations does not bar the right of some of the defendants to review. If the claim of review admitted severance under our practice, the saving of one’s right would not extend to another : Bronson v. Adams, 10 Ohio, 135 ; but where a right is entire, a right of reversal, it has been long since decided that the saving inures for the benefit of all. Wilkins v. Philips, 3 Ohio, 50.
The errors assigned are those on the face of the proceedings; the *354 want of parties, the want of equity, the form of the decree. On hearing in the Common Pleas, in 1837, the decree was reversed, and an-appeal -taken to this court.
While this proceeding was pending in the Supreme Court, the plaintiffs filed an amendment to this hill of review, in the nature of a bill to impeach the decree for fraud. Answers have been filed, both by Wallace and by the executors of Matthews, from which it appears-that Wallace, after the filing of the original bill -by Matthews’ executors, purchased their interests in the subject of litigation. Already holding the relation of trustee, he then took upon himself the trust of' guardian — assumed to enter the necessary appearances — admitted the truth of the facts on which the claim was pursued — carried on the suit at his own expense — permitted or procured a decree to be taken against the heirs — as trustee of the heirs, conveyed to the nominal plaintiffs the land, by a deed which purported to convey one hundred and five acres more land than was embraced in the decree, and after-wards accepted a reconveyance to himself. And, to secure all advantages, he acquired the possession, by using a judgment in an ejectment,, pending in his wards’ names, and then sold the land ; and after admitting his wards were entitled to $77, (a sum less than the expenses *of the suit,) he appropriated the remainder to himself.
The arguments of counsel are chiefly devoted to the case arising under the demurrer to the original form of the bill of review. The questions arising under that issue are of the gravest character — as the jurisdiction of the court under the service, the original equity, the-effect of the decree, and the nature of the rights of purchasers before reversal. Our present decision touches none of these points, because the amendment gives an entire new character to the case.
It is not necessary for us to give harsh names, or impute bad motives to Wallace for his purchase of Matthews’ interest pending litigation ; but the decree which he procured to be passed for his own benefit, during the existence of his fiduciary relation to the plaintiffs, in review, can not be permitted to stand. Stidger and wife v. Reynolds, 10 Ohio, 351 ; 2 Johns. Ch. Cases. 252 ; Story’s Equity, 315.
Decree reversed and the ease remanded.