## Case No. 2,206.

### BURROWS et al. v. HANNEGAN.

[1 McLean, 315.][1]

Circuit Court, D. Indiana. May Term, 1838.

PROMISSORY NOTE—RIGHTS OF INDORSEE—LAW OF PLACE.

1. The assignor of a negotiable note, which was made and assigned in Ohio, and was payable there, is liable, at the suit of the indorsee, in the state of Indiana, on proof of demand of payment of the maker when the note became due, and notice to the indorser.

2. The law of Indiana which requires a suit against the maker, before recourse can be had against the indorser, does not govern the case.

3. The assignment is a new contract, and is governed by the law of the place where it was made.

4. The remedy must be sought, in accordance with the laws of Indiana, the suit being brought there, but the contract is regulated by the lex loci.

[See Bank of Illinois v. Brady, Case No. 888; Dundas v. Bowler, Id. 4,140; McClintick v. Cummins, Id. 8,699; Mott v. Wright, Id. 9,883; Orr v. Lacy, Id. 10,589.]

[At law. Action by Burrows, Hall & Co. against Edward A. Hannegan. Defendant demurred to the first and second counts of the declaration, and the demurrer was overruled.]

Fletcher & Butler, for plaintiffs.

Mr. Morrison, for defendant.

OPINION OF THE COURT. This action is brought by the plaintiffs as indorsees of a certain promissory note, against the defendant, as indorser. The first and third counts in the declaration, state that the note was made and indorsed, at Cincinnati, Ohio, and payable there, and the law of Ohio is set forth, which places such notes under the lex mercatoria. To these counts the defendant demurs, and the question is presented whether the law of Ohio, or the law of Indiana, shall govern the contract. The law of Indiana requires a prosecution to insolvency against the maker of the note, before recourse can be had against the indorser. In Ohio, a demand of the maker, at the maturity of the note, and notice to the indorser, is all the diligence which the law requires. And this is the diligence used by the plaintiffs, and on which they rely to establish their recourse against the defendant, as indorser of the note. On every assignment of a negotiable instrument, a new contract is made between the assignor and the assignee. This contract is not expressed, but it arises from the law under which the act is done. That law holds the indorser, not absolutely responsible for the payment of the note, but he is bound to pay it, if the holder shall fail to recover it from the maker, after using due diligence. What this due diligence is the local law must determine. As has been remarked, in some states a suit against the maker, when the note becomes due, and a prosecution to insolvency, constitute due diligence; in others, a demand of the maker of the note, and notice to the indorser, is sufficient. This contract between the indorser and indorsee is like every other contract, subject to the local law. It is under this law that effect is given to the assignment; and it is under this law that the liabilities of the indorser must arise, and also the duties of the indorsee.

How can the law of Indiana affect this contract? The note was made and indorsed in Ohio, and it was payable in that state. Now, the law of the contract is not necessarily the law of the remedy. The plaintiffs attempt to enforce the contract in the state of Indiana, and they are consequently subjected to those rules which this state has adopted as governing the remedy. That law which applies to the remedy, and which is the law of the forum, must be observed. But this does not reach the contract itself. The enquiry is, where was it made, and where was it to be executed? What are its conditions, and by what law is it to be governed. Suppose the contract had stipulated for the payment of a rate of interest, legal in the state where it was made, but usurious in the state where the remedy is sought. Does any one doubt that such a contract having been entered into in good faith, would be enforced in the state where suit was brought? The lex loci contractus would govern, and the same principle applies in the case under consideration. Harrison v. Sterry, 5 Cranch [9 U. S.] 289, 298; Slacum v. Pomery, 6 Cranch [10 U. S.] 221; De Wolf v. Johnson, 10 Wheat. [23 U. S.] 367; Van Reimsdyk v. Kane [Case No. 16,871]; Gilman v. Brown [Id. 5,441]; Webster v. Massey [Id. 17,336].

We think, therefore, that the averments of the declaration that a demand of payment was made, when the note became due, of the drawer, and notice of non-payment given to the indorser, was the diligence which the law imposed on the plaintiffs, as holders of the note, to entitle them to a recourse against the defendant as indorser. And the demurrer is overruled. Judgment, &c.

[NOTE. The case subsequently proceeded to trial, and a nonsuit was entered, with leave to move to set it aside, which was not done. See preceding case, No. 2,205.]