Blackford, J.
A writ of domestic attachment was issued on the 30th of September, 1839, in favor of Wright against the goods and chattels, &c., of Charles Buncombe, an absconding debtor; and on'the same day, a summons in the case was served on Smith as garnishee. Porter and others, as creditors of Buncombe, also became parties to the suit as plaintiffs. At the May term, 1840, judgments were rendered against Buncombe in favour of the plaintiffs. Smith, the garnishee, filed several answers, which taken together, state that on the 25th of September, 1839, he gave his obligation for $672.97 to Buncombe for *value received, payable by installments,which, subject to certain deductions,were due ; that he was informed by a letter from Buncombe, dated at Bayton, Ohio, on the 2d of October,1839, and received by him a day or two afterwards, that the obligation was assigned to Alford H.Buncombe, of New Yorh; that he has since received notice of Alford H. Buncombe’s assignment of the obligation *593 to Perkins and Qillis, of New York; that the obligation has been presented for payment; and that the assignment to Alford PL. Duneombe was dated on the 26th of September, 1839.
The plaintiffs replied to the answer as follows: ' 1, That the obligation was not bona fide assigned to Alford H. Dun-eombe before the summons was served on Smith as garnishee; 2, That Smith had no notice of the assignment until after he was summoned as garnishee; 3, That the assignment was made without consideration, and to defraud the plaintiffs and other creditors of the obligee.
The first replication was rejected on the defendant’s motion. The second was demurred to and the demurrer sustained The third was also demurred to, but the demurrer was overruled.
Judgments were rendered for the plaintiffs against Smith.
The first replication was correctly rejected. It denies the assignment, and should therefore have been sworn to. R. S., 1838, p. 449. The demurrer to the second replication was correctly sustained. The time of the notice to Smith of the assignment was immaterial. If the assignment was made before service of the summons, the obligation was not subject to the attachment; it not being, at the time of such service, the property of the defendant in attachment. We think the third replication can not be sustained. The question whether the assignment of the obligation mentioned in this replication was void as made to defraud the plaintiffs, can not be determined in a suit in which those interested in supporting the assignment have no opportunity to be heard. If Smith had taken issue on this replication, and it had been found against him, the holders of the obligation would not have been bound by that judgment. It may be said, however, that Smith might give notice of the pendency of the attachment to the persons interested; but if that would protect him from the *risk of having to pay the money twice, of which we give no opinion, it is. not reasonable that he should, by this suit, be obliged to give such notice. As he is bound to pay what is due on the obligation to the persons entitled to it, and as it is immate *594 rial to him whether those persons be the plaintiffs or the holders of the obligation, he ought not to be required, in order to secure himself from loss, to give the notice alluded to, which must be personal, and be frequently attended with considerable difficulty and expense.
P. Sweetser, for the plaintiff.
O. II Smith and W. H. Brumfield, for the defendants.
If the assignment is ,yoid as to the creditors of the obligee, on the ground that it was made to defraud them, they may have it set aside by a suit in chancery against the persons to be affected by the decree, and they may have 8mith enjoined from paying the amount due on the obligation till the suit in chancery is determined.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.