### SMITH and Another *v.* BLATCHFORD.

Assumpsit on a promissory note made in *Ohio* and assigned by the payees to the plaintiff. The declaration set out a statute of *Ohio* relative to assignments. The defendants pleaded in abatement, that before they had notice of the assignment, and before suit was commenced, *E.* commenced a suit of foreign attachment against the payees for a debt due by them to him ; that he filed his affidavit that *B.,* one of the defendants, was indebted to said payees, upon which summons issued and was

served on him to appear as garnishee; that said summons was served before he had notice of the assignment of the note, and before t _e commencement of the present suit; that the writ of attachment was still pending; and that the debt for which the attachment issued was for the same debt now sued· for. Demurrer sustained and judgment for the plaintiff *Held,* that the pending suit pleaded was a suit *inter partes* and not *in rem,* and could only affect the parties in it and their privies.

*Held,* also, that the plea should have shown that the debt due by the note was subject to the attachment-suit.

*Held,* also, that the commencement of the assignee's suit was notice to the defendants of the assignment, and the notice was in time to have enabled the defendant to defeat the attachment.

*Held,* also, that the *Ohio* statute must govern this case.

*Quære,* whether the pendency of an attachment-suit can, in any case, be pleaded.

The fact that the plaintiffs in the two suits are different, is, *prima facie,* an objection to a plea of the pendency of a suit previously commenced for the same cause.

Where an obligor, summoned in an attachment-suit as garnishee, answers that the obligation was assigned before he was summoned, the attachment-plaintiff cannot reply that the garnishee had no notice of the assignment until after he was summoned.

In a suit by the plaintiff as assignee of a firm on a promissory note against the maker, the declaration need not state the names of the persons composing the firm.

ERROR to the *Marion* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit commenced in *April,* 1848. The suit was brought by *Richard M. Blatchford* against *Thomas M.* and *Charles C. Smith.*

The declaration states that the defendants, on the 11th of *January,* 1847, at *Cincinnati,* state of *Ohio,* to-wit, at, &c., made their promissory note, by which they promised to pay, six months after date, to the order of certain persons using the name and style of *H. S. Blatchford* and *Co.,* the sum of 179 dollars; that afterwards, on the same day, and before the note became due, at *Cincinnati* aforesaid, to-wit, at, &c., the payees, by their said name and style of *H. S. Blatchford* and *Co.,* assigned the note to the plaintiff. The declaration sets out the statute of *Ohio* relative to promissory notes, which statute enacts, *inter alia,* that notes like that here declared on are negotiable by indorsement; that the indorsee may sue in his own name, and that if the indorsement be made before the

May Term, 1850.

SMITH
v.
BLATCHFORD.

*Thursday, September* 26.

note falls due, the maker may claim against the indorsee any payment made to the payee before the indorsement, of which payment the indorsee had notice before the indorsement. The declaration then alleges, in the usual form, the defendants' liability to pay the note, and their non-payment of the same.

The defendants pleaded in abatement as follows: That before they had notice of the assignment of the note, and before the commencement of the action, to-wit, on the 27th of *March*, 1847, one *Isham Keith* commenced an action of foreign attachment, in the *Wayne* Circuit Court, against the payees of the note, for a certain debt of 271 dollars, due by the payees to said *Keith;* that, on the day last mentioned, said *Keith* filed his affidavit, setting forth, among other things, that *Thomas M. Smith* (one of the now defendants) was indebted to said payees by note, upon which affidavit a summons was issued, directing the sheriff of *Marion* county to summon said *Thomas M. Smith* to appear as garnishee, &c., to answer, under oath, as to the rights and credits of the said payees in his hands; that said summons was served before the defendants had notice of said assignment, and before the present action of assumpsit was commenced, to-wit, on the 4th of *April*, 1847; that said writ of foreign attachment was still pending; and that the debt for which the attachment issued was the same debt now sued for.

This plea was sworn to by the defendants.

There was another plea which requires no further notice, as it is similar to the one above set out.

General demurrers to the pleas, and the demurrers sustained.

Final judgment for the plaintiff.

The plea, which we have above described, is a plea of the pendency of a suit, previously commenced, for the same cause. The pending suit pleaded, which is an attachment, is a suit *inter partes* and not *in rem;* and it can, therefore, only affect the parties in it and their privies. *Mankin* v. *Chandler*, 2 Brockenb. 125. Whether the pendency of an attachment can, in any case, be pleaded in

abatement, is very doubtful. That it cannot, is expressly decided in *Crawford* v. *Slade*, 9 Alabama, 887. According to that case, a pending attachment is a cause only for suspending the suit to which it is pleaded until the attachment is determined. The plea before us, however, will be examined, as if there were no question but that the matter of it, if otherwise unobjectionable, might be pleaded in abatement.

The fact that the plaintiffs in the two suits are different is, *prima facie*, an objection to the plea. To overcome that objection, the plea should show that the debt due by the note was subject to the attachment-suit. It appears by the pleadings, that the note was assigned before the issuing of the attachment. But the defendants contend that, as they had no notice of the assignment until after the garnishee was summoned, the debt due by the note was subject to the attachment. That argument is based on the statutory provision, which says that the maker of a note may set up any legal or equitable defence, which he had against the payee before notice of the assignment. R. S. 1843, p. 577. We have heretofore held, under a similar statute, that, where an obligor, summoned in an attachment-suit as garnishee, answered that the obligation was assigned before he was summoned, the attachment-plaintiff could not reply that the garnishee had no notice of the assignment until after he was summoned. *Smith* v. *Wright*, 6 Blackf. 550. In *Massachusetts*, an assignment of a note operates, *per se*, as an equitable transfer of the note. Notice is, indeed, indispensable to charge the debtor with the duty of payment to the assignee; so that if, without notice, he pays the debt to the assignor, or it is recovered by process against him, he will be discharged from the debt. But an arrest or attachment of the debt in his hands by any creditor of the assignor, will not entitle such creditor to a priority of right, if the debtor receives notice of the assignment, *pendente lite*, and in time to avail himself of it in discharge of the suit against him. Story's Confl. of Laws, s. 396. In the case before us, the commencement of the assignee's suit was notice

May Term,
1850.

to the defendants of the assignment of the note, and the plea shows that the notice was in time to have enabled the defendants to defeat the attachment.

But even if the plea would be valid in a case governed by our statute, that circumstance would not benefit the defendants. The note in question was made and indorsed in *Ohio*, and the law of that state, which is set out in the declaration, must govern the case. *Burrows* v. *Hannegan*, 1 McLean, 315.—*Williams* v. *Wade*, 1 Metcalf, 82.—*Ycatman* v. *Cullen*, 5 Blackf. 240. The *Ohio* statute, as to notes, is similar to the law-merchant; and there can be no doubt but that where, under the law-merchant, a promissory note is assigned before it falls due, the assignee's suit on the note is protected against such pleas as the one before us.

The defendants refer to the case of *Covert* v. *Nelson*, 8 Blackf. 265, but we need not now examine that case, as it was decided under our statute and is not, therefore, applicable.

The declaration is objected to, because the names of the assignors composing the firm are not set out. That objection is not tenable. *Stout* v. *Hicks*, 5 Blackf. 49.

*Per Curiam*.—The judgment is affirmed with 5 *per cent*. damages and costs.

*O. H. Smith*, for the plaintiffs.

*S. Yandes*, for the defendant.