*J. Brownlee*, for the appellant.

*H. D. Thompson*, for the appellee.

May Term, 1860.

STETSON
v.
CLENEAY.

---

## STETSON and Others *v.* CLENEAY and Another.

Attachment against a foreign corporation. Debtors of the corporation, residing in this state, being garnished, they appeared and answered, admitting the indebtedness, without in all cases specifying the nature of the evidence of the indebtedness, and in no case claiming exemption from judgment on the ground that such evidence was paper governed by the law merchant. Judgments were rendered against them. Subsequently, the corporation made an assignment, and the assignees appeared in the attachment suit, and answered, setting up the assignment, and claiming that the evidences of indebtedness against the garnishees had passed to them, so as to make the garnishees debtors to the assignees; but they did not show that those evidences were negotiable paper. *Held,* that their answer was bad, and that the judgments were right.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.— *Cleneay* and son, of *Ohio*, procured a writ of attachment, from the *Marion* Circuit Court, *Indiana*, against the *Ohio Life and Trust Company*, a foreign corporation, and garnished several debtors of the trust company, who were residents of this state.

Monday,
June 11.

Those debtors appeared and answered to the writs, admitting indebtedness, but not, in all cases, specifying in what the evidence of the indebtedness consisted, and in no case claiming exemption from judgment on account of such evidence of indebtedness being paper governed by the rules of the law merchant. Judgments were rendered against them.

About a month subsequent to the attachment, the *Ohio Life and Trust Company* made an assignment of all their property to *Stetson* and others, in trust for the benefit of creditors. These assignees appeared in this suit, and were permitted to answer, setting up this assignment, and claiming that the evidences of indebtedness against the garnishees in the suit had passed to them, so that said garnishees were no longer the debtors of the trust company, but were then the debtors of the assignees. They did not show that the indebtedness was evidenced by negotiable paper. Their defense was held insufficient.

If the assignment in question had been made before the service of process of garnishment, it would have transferred the choses in action against debtors in this state; though it may be that the Courts of this state might, in favor of creditors in this state, have sustained garnishments laid after the assignment was executed. See 2 Kent (6th ed.), p. 401. And if it had been shown that the indebtedness was evidenced by paper governed by the law merchant, or which had been assigned prior to the attachment, it seems that the garnishees would not have been made liable in this suit. *The Junction, &c., Railroad Co.* v. *Cleneay*, 13 Ind. R. 161.—Drake on Attach., (2d ed.) 522, *et seq.*—Burr. on Assign., (2d ed.) p. 362, *et seq.*

But as none of the grounds of defense above mentioned was set up, and the indebtedness was admitted, we think the judgment below was right. The code provides (2 R. S. p. 68, § 176), that from the day of the service of the summons, the garnishee shall be accountable to the plaintiff in the action, for the amount of money, property, or credits in his hands, or due and owing from him to the defendant.

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

J. L. *Ketcham*, I. *Coffin*, and A. *Todd*, for the appellants.

J. *Morrison*, C. A. *Ray*, and W. *Henderson*, for the appellees.