Simpsons's Adm'r *v.* Potter.

APPEAL from the *Grant* Circuit Court.

*N. W. Gorden, H. D. Thompson* and *W. R. Pierce,* for the appellant.

---

## Simpson's Administrator *v.* Potter.

A person, summoned as garnishee, who, at the time of the service of process on him, is indebted upon notes not negotiable by the law-merchant, to the defendant in the action, which notes, after the service of the summons on the garnishee, were transferred to third persons, is still accountable to the plaintiff in the action to an amount equal to the recovery against the original payee of the notes.

APPEAL from the *Knox* Common Pleas.

Davison, J.—*William Simpson,* while in life, sued *James Owen* and *Samuel E. Smith,* upon a promissory note for the payment of 117 dollars. At the commencement of the suit, viz: on the 29th of *March,* 1860, the plaintiff filed an affidavit, alleging, *inter alia,* that *James Owen,* one of the defendants, had disposed of his property, subject to execution, with intent to cheat, hinder, and delay his creditors, and that to defraud them he had left the State. Upon the affidavit, an order of attachment was duly issued against the defendant. And further, the plaintiff having made affidavit "that he had good reason to believe that *George W. Potter* was indebted to

*Owen*," a summons was issued against *Potter* as garnishee. To this summons, *Potter*, on the 19th of *January*, 1861, answered, in substance, as follows: "The respondent, as garnishee, was served with process on the 30th of *March*, 1860. At that date, he was indebted to *Owen* by five several promissory notes, amounting in the aggregate to 490 dollars. On the 13th of *April*, 1860, *Anna Owen*, the wife of said *James Owen*, (he having abandoned her, and left the State,) commenced proceedings under an act approved *March* 7, 1857, to subject his property to her support, &c., and caused process to be served on this respondent. Upon these proceedings a decree was rendered, by the *Knox* Common Pleas, whereby the notes, executed by him to *Owen*, were ordered to be sold, and were accordingly offered for sale, and purchased by one *Samuel Judah*, as trustee for *Anna Owen*. One of said notes is now due, and *Judah*, as such trustee, is prosecuting an action in said Court against the respondent, to recover the amount due thereon," &c.

The defendants, *Owen* and *Smith*, having failed to appear, were regularly defaulted. And thereupon the cause was submitted to the Court, who, as to *Owen* and *Smith*, found that they were indebted to the plaintiff $159\frac{30}{100}$ dollars. And as to *Potter*, the Court found, that he, as garnishee, was not liable. The plaintiff moved for a new trial; but the motion was overruled, and he excepted. Judgment was rendered in accordance with the finding, &c.

As has been seen, *Potter*, when the summons in garnishment was served upon him, was indebted to *Owen* by five several promissory notes, and that afterwards, and before he filed his answer, as garnishee, the notes were, in virtue of legal proceedings instituted by *Anna Owen*, sold to *Samuel Judah*, who, upon one of them, has commenced suit. Hence, the question to settle is, was *Potter*, as such garnishee, liable to the plaintiff on said notes, to the amount equal to his recov-

ery against *Owen* and *Smith?* We have a statute which says, that "from the day of the service of the summons, the garnishee shall be *accountable* to the plaintiff in the action, for the amount of money, property, or credits in his hands, or due and owing from him to the defendant." 2 R. S. p. 68, sec. 176. This statutory rule, when applied to the case at bar, seems to be conclusive. There are, however, decisions to the effect, that the rule does not apply where promissory notes, executed by the garnishee, and negotiable by the law-merchant, have been transferred after "the service of the summons." *Junction R. R. Co.* v. *Cleaney,* 13 Ind. 162; *Stetson* v. *Cleaney,* 14 *id.* 453. But in this case, the notes, upon which the garnishee was indebted, were not so negotiable, and were, at the time the summons was served, the property of the defendant, in the attachment. The result is, the garnishee is "accountable to the plaintiff in the action." Drake on Attach. 2 ed. p. 522, *et seq.;* Burril on Assign. 362, *et seq.*

*Per Curiam.*—The judgment in favor of the garnishee is reversed, with costs. Cause remanded.

*John Baker,* for the appellant.

*Samuel Judah,* for the appellee.