## BROWN ET AL. v. FISHER.

[No. 5,384. Filed May 31, 1905.]

1. PLEADING.—*Answer.*—*Bills and Notes.*—*Action by Assignee.*—*Real Party in Interest.*—An answer, by the makers of a promissory note in an action by the assignee thereof, which states that such note "does not now, nor has it ever belonged to the plaintiff, * * * and that he is not the real party in interest," is insufficient, since it virtually admits the assignment, and does not state any facts to negative plaintiff's legal ownership. p. 550.

2. BILLS AND NOTES.—*Indorsement in Blank.*—*Effect.*—A negotiable promissory note, payable to order, is rendered payable to bearer by the payee's indorsement thereof in blank. p. 553.

3. SAME.—*Garnishment of.*—*Assignment.*—The maker of a negotiable note can not be subjected to garnishment proceedings in an action against the debtor without proof that such debtor is the legal or equitable owner of such note. p. 553.

4. SAME.—*Assignment.*—*Action Pending.*—*Notice.*—The assignee of a negotiable note, taken for value, in due course, without notice, is not prejudiced by reason of an action pending against a former owner of such note. p. 553.

5.  PLEADING.—*Answer.*—*Bills and Notes.*—*Payment.*—*Res Judicata.*
—*Former Action Pending.*—An answer by the makers, to an action
on a negotiable note by the assignee, which fails to show payment to
the rightful holder, or a prior adjudication of his rights, or another
action pending between the parties to the suit concerning the same
subject-matter, is bad.    p. 554.

From Tippecanoe Circuit Court; *Richard P. DeHart,*
Judge.

Action by John Fisher against Lonnie Brown and others.
From a judgment for plaintiff, defendants appeal.
*Affirmed.*

*Davidson & Boulds,* for appellants.

BLACK, J.—The appellee, John Fisher, brought suit upon
a promissory note dated February 7, 1901, payable twelve
months after its date at the Merchants National Bank,
LaFayette, Indiana, by the appellants, Lonnie Brown and
James Brown, to the order of one Wallace Burgett; the
complaint alleging that before maturity thereof the payee,
for value, indorsed and delivered the note to Frank Fisher,
who thereafter, and before maturity of the note, for value,
transferred, assigned and delivered it to the appellee.
Frank Fisher was made a defendant to answer as to his
right, title or interest in the note.    Frank Fisher answered,
alleging under oath, that before maturity of the note he
assigned, transferred and delivered it to the appellee in
payment for corn and oats sold and delivered before that
time by the latter to the former, and that he had no right,
title or interest in the note.

1.   The appellants answered in three paragraphs, the
first a general denial.    The court sustained the appellee's
demurrer to each of the other two paragraphs.    In the sec-
ond it was alleged that the note sued on "does not now, nor
has it ever, belonged to the plaintiff, John Fisher, and that
he is not the real party in interest, but that the defendant
Frank Fisher is the real owner of said note and the real
party in interest."

In *Swift* v. *Ellsworth* (1858), 10 Ind. 205, 71 Am. Dec. 316—an action on a note assigned by the payee, brought by the assignee against the maker and the assignor—an answer of the maker that the plaintiff was not the real party in interest, but that the note was the exclusive property of the payee, was held insufficient, because it, in effect, admitted the assignment, but did not state facts showing that the assignee was not legally the real party in interest; citing *Lamson* v. *Falls* (1855), 6 Ind. 309. See, also, *Garrison* v. *Clark* (1858), 11 Ind. 369; *Raymond* v. *Pritchard* (1865), 24 Ind. 318; *Hereth* v. *Smith* (1870), 33 Ind. 514; *Curtis* v. *Gooding* (1884), 99 Ind. 45, 52; *State, ex rel.,* v. *Ruhlman* (1887), 111 Ind. 17; *Bostwick* v. *Bryant* (1888), 113 Ind. 448; *Bowser* v. *Mattler* (1894), 137 Ind. 649. These authorities support the action of the court in sustaining the demurrer to the second paragraph of answer.

In the third paragraph of answer the appellants admitted the execution of the note, and alleged that the consideration thereof was the purchase of a horse by the appellants from Frank Fisher; that by the mutual mistake and inadvertence of the parties to that transaction the note was executed to and in favor of Wallace Burgett, instead of Frank Fisher, the rightful owner thereof; that upon the discovery of this mistake and error in the execution of the note it was agreed by and between Frank Fisher, Wallace Burgett and the appellants that, to avoid the execution of a new note to Frank Fisher in lieu of the note so executed by mistake, the note should be indorsed and delivered by Wallace Burgett to Frank Fisher, which thereupon, with the consent of all parties to the transaction, was accordingly done; that thereafter Sherman R. Clark and Francis O. Acheson, as plaintiffs, filed their complaint in the court below against Frank Fisher, James Brown, Harry Downs and John Fisher, in which it was alleged that Frank Fisher was indebted to the plaintiffs therein "in the sum of $———, and in said cause said Clark and Acheson summoned said James Brown

as garnishee on account of said James Brown's indebtedness on said note executed as aforesaid to said Wallace Burgett and assigned as aforesaid to said Frank Fisher; and in said proceedings said James Brown, on the 10th day of February, 1902, on the order of said court, paid into said court the sum of $75, being the amount then due of principal and interest on said note herein sued upon;" that afterward, March 26, 1902, Clark and Acheson dismissed their said action, but the money so paid into court by appellant James Brown in the garnishee proceedings in that action "still remains in the hands of the clerk of said court; and upon the dismissal of said action said Clark and Acheson again commenced another action in said court against said Frank Fisher, and also proceedings in attachment by filing an affidavit and undertaking in attachment against said Frank Fisher, and also by filing an affidavit of garnishment against James Brown and Samuel C. Moore, the clerk of said court, and thereby garnisheed said $75, so paid into said court by said James Brown, as aforesaid, and that said action is still pending in said circuit court"; that at the time said garnishment proceedings were commenced in said actions, and at the time said James Brown paid said sum of $75 into said circuit court, as aforesaid, neither of the appellants had any notice whatever that the appellee was the owner of said note or that he had any interest therein; and by reason of the proceedings aforesaid the appellants claimed that the note was fully paid. Prayer for judgment in favor of the appellants for costs, or that further proceedings in this action be stayed until said action of Clark and Acheson against Frank Fisher as principal defendant and James Brown and Samuel C. Moore as garnishees be terminated.

While it appears from this answer that in the original suit of Clark and Acheson, James Brown, appellant, was summoned as garnishee, it is not stated on what ground the appellee, John Fisher, was made a defendant, or what was alleged concerning him in the complaint, or that he was

served with any process, or that he appeared in that action, or that any order was made or any judgment rendered to which he was a party; and it is alleged that the action was dismissed. It is not stated that he is a party in any capacity to the suit of Clark and Acheson which is alleged to be still pending. It is not denied that, as alleged in the complaint herein, the negotiable promissory note in suit was assigned and delivered by Frank Fisher to the appellee before its maturity. It appears from the answer that the negotiable paper, with the consent and by the coöperation of the makers, came into the hands of Frank Fisher with the indorsement of the person named therein as the payee, whereby Frank Fisher's assignee by delivery was enabled to make title through indorsement.

2. A negotiable promissory note made payable to order is rendered payable to bearer by an indorsement in blank by the payee. *Rich* v. *Starbuck* (1875), 51 Ind. 87, 91, and cases cited. There is no averment that the assignment was not made for value, or any charge of fraud in connection with the assignment, nor does it appear from the answer that at the time James Brown was summoned as garnishee, or when he paid the money into court on the day on which it became due, the appellee was not the *bona fide* holder of the note by assignment for value before its maturity.

3. In *Junction R. Co.* v. *Cleneay* (1859), 13 Ind. 161, it was held that the maker of a note negotiable by the law merchant can not be subjected to judgment as garnishee without proof by the plaintiff that the negotiable paper actually remains at the time of the trial in the hands of the debtor against whom the attachment issued, as his property, or in the hands of a fraudulent assignee.

4. In *Smith* v. *Blatchford* (1850), 2 Ind. 184, 52 Am. Dec. 504, it was said, that there can be no doubt that where a promissory note governed by the law merchant is assigned before its maturity, the assignee's suit on the note will be protected against a plea showing the pendency of an action

of foreign attachment against the payee in which the maker has .been summoned as a garnishee before he has received notice of the assignment, and before the. commencement of the assignee's suit on the note. See, also, *Smith* v. *Wright* (1843), 6 Blackf. 550; *Stetson* v. *Cleneay* (1860), 14 Ind. 453; *Cadwalader* v. *Hartley* (1861), 17 Ind. 520; *Simpson* v. *Potter* (1862), 18 Ind. 429; *Cleneay* v. *Junction R. Co.* (1866), 26 Ind. 375; *King* v. *Vance* (1874), 46 Ind. 246; *Sharts* v. *Awalt* (1881), 73 Ind. 304; *Bostwick* v. *Bryant, supra.*

5. The third paragraph of answer does not show payment of the note to its rightful holder, or a prior adjudication of his right, or another action pending between the parties to this action involving the subject-matter of this suit.

Judgment affirmed.