*J. Ryman* and *G. Holland*, for the appellants.

*C. B. Smith*, for the appellees.

---

## Evans *v.* Darlington, for the Use of Burson.

| 5b  320 |
|135   176|

The payee of a promissory note delivered it to his replevin-bail, to indemnify the latter against loss from his engagement; in a writ of attachment afterwards issued against the payee of the note, the maker was summoned as garnishee; and the bail subsequently sold the note without having given notice to the payee to redeem it.

*Held*, 1. That the note was pledged, not mortgaged, to the bail; 2. That the sale of the note was void; 3. That the maker was accountable, not to the payee for the use of the purchaser from the bail, but to the plaintiff in attachment, for the amount due on the note.

*Tuesday,
June 2.*

ERROR to the *La Porte* Circuit Court.

SULLIVAN, J.—Debt by *Darlington*, for the use of *Burson*, against *Evans*. The action was founded on a promissory note for the sum of 1,200 dollars. The defendant pleaded in

abatement, that, before the commencement of the suit, to wit, on the 23d of *August,* 1839, a writ of domestic attachment was issued out of the clerk's office of the *La Porte* Circuit Court against the goods and chattels, &c. of *Darlington,* and at the same time a summons was issued against the defendant, *Evans,* requiring him to appear and answer at the ensuing term of the Circuit Court, whether he had any property in his possession belonging to said *Darlington,* or was in any wise indebted to him, which summons was served on defendant on the 27th of *August,* 1839; that said writ of attachment was still pending and undetermined; and that defendant thereby became and was accountable to the plaintiff in the attachment, for the amount he was indebted to said *Darlington,* from and after the day said summons was served, &c. The plaintiff replied, that, at the time said writ of attachment was issued, and summons served upon the defendant, the sum of money in said note specified was not a part of the rights, credits, and effects of *Darlington,* but that the beneficial interest therein had passed to said *Burson,* &c. The issue was tried by the Court, and judgment rendered for the plaintiff for the full amount of the note.

Upon the trial, the following evidence was given by the plaintiff, viz. That at the *March* term, 1839, of the *Marshall* Circuit Court, a judgment was rendered against *Darlington* in favour of one *Beatty* for the sum of 400 dollars or thereabouts, and that one *Westervelt* replevied the same on the record for *Darlington;* that to indemnify him for doing so, *Darlington* placed in his hands the note on which suit was then pending, as *collateral security;* that in the month of *September,* an execution was issued against *Darlington* and *Westervelt,* and the sheriff threatened to levy on the property of *W.* to satisfy the same; that *W.* thereupon advertised the note for sale, and did sell it at public outcry, and *Burson,* for whose use the suit was brought, became the purchaser for the sum of 500 dollars. The sale was made in the latter part of the month of *September,* and the suit was commenced on the 2d day of *October,* 1839.

The prominent point discussed in the argument of this cause was, whether the note deposited with *Westervelt* by *Darlington* should be treated as a mortgage or a pledge.

Vol. V.—41

*(margin)* May Term, 1840.

Evans
v.
Darlington.

We are of opinion it should be treated as a pledge. A pledge is defined to be a bailment of personal property, as security for some debt or engagement. Story on Bailm. 197. The note, in the present case, was put into the hands of *Wester-velt* to indemnify him for any loss he might sustain by becoming the surety of *Darlington.* It was assignable only by indorsement under our statute, and not being indorsed, the legal title did not pass to *Westervelt.* He acquired only a special property in the note, but the general ownership remained in *Darlington.* The case of *Garlick* v. *James,* 12 Johns. R. 146, is directly applicable to this point. The facts in that case were, that the plaintiff and another being indebted to *James* and *M'Cabe* on a balance of account for merchandize, the plaintiff left with *James,* as collateral security, a note made by one *S. G.* to him for 600 dollars, dated 1st of *November,* 1802. Sometime in the year 1810, the defendant gave up the note to *S. G.* for 300 dollars, and the suit was brought to recover the difference between the amount of the note and the balance due to *James* and *M'Cabe.* The Court said that the note so deposited must be treated as a pledge; that the defendant only acquired a special property in it; that it was delivered with a right to detain it as collateral security for the balance due, but the legal property did not pass.

The material distinction between a pledge and a mortgage of chattels is, that a mortgage is a conveyance of the legal title upon condition, and it becomes absolute at law if not redeemed by a given time;—a pledge is a deposit of goods, redeemable on certain terms, either with or without a fixed period for redemption. The general property, says judge *Kent,* does not pass as in the case of a mortgage, and the pawnee has only a special property in the thing deposited. A right of redemption exists in the pawner at any time before the pledge be legally disposed of by the pawnee. 4 Kent's Comm. 2d ed. 138. The testimony in the present case, we think, satisfactorily shows that the note was deposited with *Westervelt* as a pledge, and not as a mortgage.

Where property has been pledged, as in the case before us, the pawnee has two remedies, either of which he may select. He may file a bill in chancery and have a judicial

sale under a decree of foreclosure, or he may sell without May Term, 1840. judicial process, on the refusal of the debtor to redeem after reasonable notice to do so. 2 Kent's Comm. 582.—Story on Bailm. 207. In this case, the pawnee pursued neither of the remedies given him by the law. The sale, therefore, was without authority and consequently void. The general property of the note is still in *Darlington*, and all his interest, whatever it may be, is liable to attachment.

The Court erred in giving judgment for the plaintiff. The issue should have been found for the defendant. The statute makes the garnishee accountable to the plaintiff in attachment, for the amount due and owing from him to the defendant in attachment, from the day he shall be served with summons to appear and answer. Rev. Stat. 1838, p. 75. He cannot be held accountable twice for the same debt.

*Per Curiam.*—The judgment is reversed at the costs of the relator. Cause remanded, &c.

*H. P. Thornton* and *J. H. Bradley*, for the plaintiff.
*J. B. Niles*, for the defendant.