ROOKER *v.* DANIELS.

Assumpsit by *A.,* the assignee, against *B.,* the maker, of a promissory note.
Plea, that on, &c., and before *B.* had notice of the assignment, a suit in
chancery was pending, &c., wherein one *C.* was complainant and *B.,* and

Nov. Term,
1854.

ROOKER
v.
DANIELS.

the payee, and another person were defendants, wherein it was adjudged, among other things, that the money due upon the note should be paid by *B.* to *C.*, in payment of money by that decree found to be due to *C.* from the payee; that *B.* had paid on the decree 80 dollars, and that it remained in full force as to the residue, &c. *Held*, that the plea was sufficient.

*Saturday,*
*December* 9.

ERROR to the *Knox* Circuit Court.

DAVISON, J.—Assumpsit by *Rooker* against *Daniels* on a promissory note for the payment of 200 dollars. The note was dated *July* 2, 1850, payable to one *Henry Rider*, eighteen months after date, and by him, on the 29th of *January*, 1851, assigned to the plaintiff.

Plea, that on the 29th of *January*, 1851, and before notice of the assignment of the note, a suit in chancery was pending in the *Knox* Circuit Court, wherein one *Hannah Rider* was complainant and the said *Henry Rider*, *Allen B. Daniels*, and others, were defendants, in which suit it was by the Court adjudged, amongst other things, that the money due by said note from *Allen B. Daniels*, the present defendant, to *Henry Rider*, should be paid by *Daniels* to *Hannah Rider*, in payment of money by that decree found to be due to her from *Henry Rider*. Also, that the defendant had paid on the decree 80 dollars, and that it remained in full force as to the residue, &c.

The plaintiff demurred to this plea; the demurrer was overruled; and judgment given for the defendant.

The demurrer admits the pendency of the chancery suit at the time and before the defendant had notice of the assignment of the note. Also, that the suit resulted in a decree against him for the whole amount demanded in the present action. This decree must be considered valid; at least, its validity can not be collaterally impeached. Then, if the decree is not a bar to this action, the defendant will be compelled to pay the same debt twice. This result, in view of the facts presented by the record, would not accord with any principle of justice. When the defendant became a party to the chancery suit, he had no notice of the assignment, and it must, in the absence of opposite proof, be presumed that he was not notified of that fact until after the decree against him for the amount of the note

had passed. And having no such notice, he was entitled, by the statute, to all defences against the note in the hands of the assignee, which he could make against it in a suit by the payee. R. S. 1843, p. 577, s. 8.—*Evans* v. *Darlington*, 5 Blackf. 320.—*Covert* v. *Nelson*, 8 *id.* 265. We think the principle established in these cases is applicable to the one before us, and settles it in favor of the defendant.

*Per Curiam.*—The judgment is affirmed with costs.

*S. Judah*, for the plaintiff.