*A. P. Hovey*, for the appellant.

Nov. Term,
1859.

THE JUNCTION RAILROAD Co.
v.
CLENEAY.

---

## The Junction Railroad Company *v.* Cleneay.[*]

A person indebted by a note not negotiable, or not assignable by the law merchant, may be made liable as a garnishee, after the note has become due and before it is assigned, but not, as a general rule, before it becomes due, nor after he has had notice of its assignment, if he rely upon such notice in his answer.

The judgment rendered against him as a garnishee, will bar a subsequent action by an assignee who had not given notice of the assignment prior to such judgment.

He may be subjected to such judgment before the note is due, where all the parties are residents of the state, and are before the Court, so that the maker may be protected from a second liability; though he cannot be compelled to pay until the note falls due.

But the maker of a note or bond negotiable by the law merchant, cannot be subjected to such judgment, without proof by the plaintiff that the negotiable paper actually remains, at the time of the trial, in the hands of the debtor against whom the attachment issued, as his property, or in the hands of a fraudulent assignee.

---

[*] A petition for a rehearing was filed on the 23d of *December*, 1859, and overruled on the 14th of *January*, 1860.

Nov. Term, 1859.

THE JUNC-
TION RAIL-
ROAD CO.
v.
CLENEAY.

Wednesday,
November 30.

The bonds of a railroad company are not, *it seems,* exactly governed by the law merchant. But they pass by delivery, like bank notes, so as to vest a complete title in the *bona fide* possessor; and they are entitled to all the privileges of commercial paper.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.— *William* and *Francis Cleneay* commenced an action, by way of attachment, in the *Marion* Circuit Court, *Indiana,* against *The Ohio Life Insurance and Trust Company,* located in *Cincinnati.*

Upon affidavit that the *Junction Railroad Company,* located in *Indiana,* was indebted to the trust company, the former was brought before the Court by process of garnishment.

The railroad company answered that they had issued bonds, payable to *Caleb Jones,* or bearer, at the office of *The Ohio Life Insurance and Trust Company,* in the city of *New York,* with semi-annual interest coupons, or warrants, attached (said bonds being substantially in the usual form of state and corporation bonds, issued for the purpose of sale to raise money), and that *The Ohio Life and Trust Company,* at one time, held a number of said bonds, but whether they had, at the time of answering, been negotiated or not, the respondent did not know, and, hence, could not admit that there was then any indebtedness on the part of the railroad company to the *Life and Trust Company.*

There is nothing in the record showing that at the time of the hearing of the cause, the *Life and Trust Company* held any of the bonds.

The Court gave judgment against the garnishee.

A person indebted by an unnegotiable note, or a note not assignable by the law merchant, may be made liable as a garnishee after such note has become due and before it is assigned. But he cannot be, before it becomes due (*Smith* v. *Blatchford,* 2 Ind. R. 184), nor after he has had notice of the assignment of the note, if he rely upon such notice in his answer. Drake on Attach., § 576. And the judgment rendered against him, as a garnishee, will bar a subsequent action by an assignee, who had not given no-

tice of the assignment prior to such judgment. *Covert* v. *Nelson*, 8 Blackf. 265.

Nov. Term, 1859.

THE JUNCTION RAILROAD CO.
v.
CLENEAY.

It was said above, that the maker of a note could not be subject to a judgment as garnishee, before the note fell due. This assertion should be qualified to some extent. He may be, where all the parties are residents of the state, and before the Court, so that the maker may be protected from a second liability; though he cannot be compelled to pay till the note falls due. *Brisco* v. *Askey*, 12 Ind. R. 666.

But the maker of a note or bond negotiable by the law merchant, stands upon a different footing. It is doubtful if he can be subjected, at all, to a judgment as garnishee, where the holder of the paper is not before the Court, so that the rights of the maker can be protected by proper orders in the judgment. Drake on Attach., §§ 582, 583, *et seq.* At all events, he cannot be subjected to such judgment without proof by the plaintiff that the negotiable paper actually remains, at the time of the trial, in the hands of the debtor against whom the attachment issued, as his property, or in those of a fraudulent assignee. *Id.*, § 582, *et seq.* The Supreme Court of *Alabama* decided, in *Winston* v. *Westfeldt*, that the doctrine of *lis pendens* does not apply to negotiable paper. 2 Am. Law Reg., p. 619.

In this case, the bonds of the railroad company, according to some of the cases, were not governed exactly by the law merchant. Redf. on Railw., p. 595. But still they were instruments, sometimes called public securities, of a peculiar character, which passed by delivery, as do bank notes, so as to vest a complete title, at least, in the *bona fide* possessor. They were entitled to all the privileges of commercial paper. *The Morris Canal and Banking Co.* v. *Fisher*, 1 Stockt. Ch. 67.—S. C., 3 Am. Law Reg., p. 423. The attachment-defendants were non-residents, and, hence, not before the Court, that is, within its jurisdiction, so that they could be subjected to its orders; and it was not shown that the bonds were, at the time of the trial, in the hands of the attachment-defendants, as their property.

Nov. Term,
1859.

The Michi-
gan, &c.,
Railro'd Co.
v.
Caster.

*Per Curiam.*—The judgment against the railroad company is reversed with costs. Cause remanded, &c.

*C. B. Smith* and *H. C. Newcomb*, for the railroad company.

*W. Henderson*, for the appellees.