Nov. Term,
1861.

CADWALADER and Others *v.* HARTLEY and Others.

CADWALADER
v.
HARTLEY.

Where a person summoned as a garnishee answers that he was indebted to the attachment defendant, but that before the service of the writ of garnishment, he was notified of the assignment of the note constituting such indebtedness, if the plaintiff desires to dispute such assignment for want of consideration or for fraud, it is proper, if not necessary, to bring the person claiming to hold as assignee, before the Court, so that he may be bound by the judgment; and on the trial of an issue thus formed, the atttachment defendant would be a competent witness.

*Quære:* Whether the question of a fraudulent transfer can, if objected to, be tried in the garnishment proceeding.

*Saturday,*
*December* 14.

APPEAL from the *Putnam* Circuit Court.

PERKINS, J.—*Cadwalader & Co.* commenced suit against *Tileman Hartley*, on a note which he had given to them. The maker of the note was the only proper party defendant to the suit upon it; judgment was obtained against him upon the note. At the commencement of the suit *Cadwalader & Co.* procured an attachment, and also a process of garnishment against the debtors of *Tileman Hartley.* Among them, process of garnishment was served on *James Taylor*, *March* 21, 1857. *Taylor* answered, that in *January*, 1857, he was indebted to *Tileman Hartley* by promissory note in the sum of $900, and that on *February* 15, 1857, he was notified that said note was transferred by assignment, to one *John Hartley*, who still held said note. He does not say whether the note was one governed by the law merchant, or not, but it appears by the record that it was not. This answer would bar a judgment in favor of the plaintiff against the garnishee if the assignment set up could not be successfully denied, or avoided. If the plaintiff concluded to attempt its avoidance by replying that the assignment was without consideration, or fraudulent, it would be proper, if not necessary, for him to ask that the assignee, *John Hartley*, should be brought before the Court, that he might be bound by the judgment. He was brought before the Court in this case; and on the trial of the issues made between the plaintiff, the garnishee, and assignee, it would seem that the defendant to the original action would be

a competent witness. He would not be a party to the garnishment branch of the suit, and would be legally disinterested even between the parties to that. He was made a witness in this case. See the *Junction, &c. Co.* v. *Cleneay,* 13 Ind. 161; and *Stetson* v. *Cleneay,* 14 *id.* 453. The Court below refused an amendment to a replication, but it seems that evidence was heard, the same as though the amended replication had been filed; and such amendments as that asked in this case are much in the discretion of the Court trying the cause.

*Quære:* If the objection had been made, could the question of the fraudulent transfer have been tried in the garnishment proceeding?

*Per Curiam.*—The judgment is affirmed, with costs.

*J. A. Matson, J. A. Scott* and *J. Cowgill,* for the appellant.

*Williamson* and *Daggy,* for the appellees.