CLENEAY and Another *v.* THE JUNCTION RAILROAD COMPANY.

ATTACHMENT.—GARNISHEE.—By the statute, any person indebted to the attachment defendant may be garnisheed, and from the day of the service of the summons, the garnishee is accountable to the attachment plaintiff for the amount due and owing from him to such defendant.

SAME.—COMMERCIAL PAPER.—In the case of commercial paper, before a judgment can be rendered against the garnishee defendant, the plaintiff must show that the paper has matured, and that at the time of maturity it was held by the attachment defendant, or that it was not in the hands of a *bona fide* holder.

Cleneay and Another *v.* The Junction Railroad Company.

GARNISHEE.—PAYMENT.—A payment of the debt by the garnishee defendant, after the service of the summons of garnishment, to the attachment defendant, or his general assignee for the benefit of creditors, will not discharge such garnishee.

APPEAL from the *Marion* Circuit Court.

GREGORY, C. J.—The appellants, on the 27th of *August,* 1857, filed their complaint, affidavit, &c., in the court below, for an attachment against the *Ohio Life Insurance and Trust Company.* On the same day, the plaintiffs filed their affidavit for a writ of garnishment against the appellee, alleging that the railroad company was indebted to the attachment defendant upon bonds, notes and otherwise. A summons in garnishment was issued and served upon the appellee on the 29th of *August,* 1857.

On the 22d of *January,* 1859, the railroad company, by its president, answered, among other things, that "in the month of *June,* 1857, he discounted to the *Ohio Life Insurance and Trust Company* two bills, reading as follows:

'$6,461 65.'                    'CINCINNATI, *June* 27, 1857.'

'Ninety days after date pay to the order of *S. P. Bishop,* A. C., at the bank of the State of *Indiana* in *Richmond,* $6,461 65, value received; acceptance waived.

'S. W. PARKER, Pres't.'

'To *C. F. Coffin,* Cash., *Richmond, Ind.'*

'$2,727 09.'                    'CINCINNATI, *June* 27, 1857.'

'Ninety days after date pay to the order of *S. P. Bishop,* A. C., at the bank of the State of *Indiana* in *Richmond,* $2,727 09, value received; acceptance waved.

'S. W. PARKER, Pres't.'

'To *C. F. Coffin,* Cash., *Richmond, Ind.'*

"That on or about the 18th of *September,* 1857, shortly prior to the maturity of the two bills, the respondent had a settlement and accounting in full for the railroad company with said defendant, the *Ohio Life Insurance and Trust Com-*

*pany,* at which settlement the said defendant delivered and accounted to the railroad company for all the residue of said bonds, stocks and obligations, deposited as collateral security for advances, except so much as was required to pay the said two bills, which said defendant (*The O. L. I. & T. C.*) then and there undertook to procure from said bank at *Richmond, Indiana,* whither they had been sent, and to the cashier of which bank they had been indorsed by said *Bishop,* each in these words: 'Pay *C. F. Coffin* Cashier, or order, *S. P. Bishop* Cashier,' which was accordingly done, and the bills were subsequently returned to respondent, canceled.    When it was that said bills were so indorsed and sent to said bank at *Richmond,* this respondent has no knowledge, information or belief, other than as appears above." All of which he says "was done in good faith, without any suspicion even, that they were, or could be, in any way affected by the matter of this suit.    That on the 26th of *September,* 1857, the *Trust Company* made a general assignment of all their means."

Trial below on the 8th of *May,* 1866; finding for the defendant; motion for a new trial overruled, and judgment. The evidence is in the record, and shows that the attachment defendant was the holder and owner of the two bills, until their payment by the appellee; that the assignment to *Coffin,* cashier, &c., was only for the purpose of collection. One witness testifies, in contradiction of the answer, that the two bills were assigned by the trust company before maturity to its general assignee, for the benefit of its creditors, to whom the railroad company paid them.

By the statute, any person indebted to the attachment defendant may be garnisheed, and from the day of the service of the summons the garnishee is accountable to the attachment plaintiff for the amount due and owing from him to such defendant. 2 G. & H., §§ 175, 176, pp. 144, 145. Commercial paper is no exception to this rule.    But in such case, before there can be a judgment rendered against the

garnishee defendant, the plaintiff must show that the paper has matured, and that at the time of maturity it was held by the attachment defendant, or that it was not in the hands of a *bona fide* holder. This, we understand, is in accordance with the weight of authority. Drake on Attach., § 587, *et seq.*, and authorities cited.

A payment, after the service of the summons of garnishment, to the attachment defendant, or his general assignee for the benefit of creditors, will not discharge the garnishee defendant. Nor do we think it was competent for the garnishee to contradict the answer as to when the payment was in fact made. The court erred in overruling the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to grant a new trial, and for further proceedings.

*W. Henderson*, for appellants.
*E. B. Martindale*, for appellee.