King *v.* Vance.

---

## KING *v.* VANCE.

PROMISSORY NOTE.—A promissory note payable in a bank in this State is negotiable; if not so payable, it is assignable, but it is not commercial paper.

ATTACHMENT.—*Garnishee.*—A party indebted to an attachment defendant by a note not negotiable may be garnished, although his note may not be due, and judgment may be rendered against him in favor of the attaching creditor, payable when the note becomes due. *The Junction R. R. Co.* v. *Cleneay,* 13 Ind. 161, is, on this point, overruled.

SAME.—A judgment cannot be taken against a garnishee, indebted by negotiable paper, unless it be shown that the note is past maturity and in the hands of the payee or not in the hands of a *bona fide* holder.

SAME.—*Judgment.*—When a garnishee answers that he is indebted by a non-negotiable note to the attachment defendant, and judgment is rendered against him, such judgment will protect him against a suit by a *bona fide* assignee of the note, if the garnishee had no notice of such assignment before the rendition of judgment against him in the attachment proceeding.

SAME.—*Non-Residence.—Publication.*—Where an attachment defendant is a non-resident, and is notified only by publication, he is before the court for all purposes except the rendition of a personal judgment; and a resident of this State indebted to him may be garnished, and a judgment rendered against the garnishee is a bar to a suit on such indebtedness, either by the attachment defendant or his assignee, although the judgment in garnishment may be unpaid.

From the Boone Circuit Court.

*A. E. Gordon* and *W. B. Wills,* for appellant.

*J. M. Rabb, A. J. Boone,* and *R. W. Harrison,* for appellee.

BUSKIRK, J.—This was an action by the appellant against the appellee on a note and a mortgage given to secure its payment. The note was executed by the appellee to one Seth M. Moore, and by him assigned to one G. W. King, who assigned it to appellant. The note was as follows:

"Note $1,000, Lebanon, Ind., November 13th, 1871.

"One year after date, I promise to pay to the order of Seth M. Moore one thousand dollars ($1,000) with interest, at the rate of ten per cent. per annum after maturity; and with attorney's fee if suit be instituted on this note; and value received, without any relief whatever from the valuation and appraisement laws. The drawers and indorsers severally waive presentment for payment and notice of protest and non-payment of this note.          DAVID M. VANCE."

The appellee answered as follows:

"David M. Vance, defendant herein, for answer to the plaintiff's complaint, says that he admits the execution of the note sued on in this cause, but says, that on the 9th day of December, 1871, Thomas C. Moore, administrator of the estate of Edward Moore, deceased, *et al.,* instituted a suit in the Boone Circuit Court against Seth M. Moore, the assignor of the note sued on, for twenty-five hundred dollars; that on the same day they procured an attachment against the goods and chattels of said Seth M. Moore, and also filed their affidavit that defendant Vance was indebted to said Seth M. Moore, the then defendant, on the same promissory note now in suit; that thereupon they procured a summons against the said Vance as garnishee, to appear at the next term of court and answer as to said indebtedness, and that said Vance was summoned as garnishee on the — day of ——; and that at the next ensuing term of said Boone Circuit Court, to wit, the March term, 1872, of the Boone Circuit Court, said defendant answered to said summons of garnishment that he had executed to the said Seth M. Moore the note on which this suit is brought; and that he had no knowledge whatever of said Seth M. Moore having assigned or in any manner trans-

ferred it; and that at said term of court, the said plaintiffs in said attachment suit recovered judgment against Seth M. Moore, and also a judgment against said defendant Vance, as garnishee, on the note now in suit, for the full amount of its principal and interest; copies of which are filed and made part hereof; and he, in fact, says that at all the times above stated he had no notice or knowledge of the assignment by Moore to the plaintiff or any other person of said note; wherefore," etc.

There was filed with the answer a full and complete copy of the proceedings and judgment in the attachment suit, from which it appears that proper affidavits in attachment and garnishment were filed, and that the defendant Seth M. Moore, who was shown to be a non-resident of this State, was duly notified of the pendency of said suit and proceedings by publication, and that an appearance was entered for the said Moore, but upon such appearance being withdrawn, he was called and defaulted.

To this answer a demurrer was overruled, and the appellant excepted.

The appellant then replied in two paragraphs. The first was the general denial. The second was as follows: "2d. Par. The plaintiff, for a second and further reply to the defendant's answer herein, says that he is a *bona fide* holder of said note for value, the same having been assigned to him before maturity, at Carroll's City, Carroll's County, Iowa, and that at the time judgment was rendered against the defendant as garnishee, the payee of said note," Seth M. Moore, "was a non-resident of the State of Indiana, and not before the court that rendered the judgment against the defendant as garnishee, and that the plaintiffs did not, at the time judgment was rendered against the defendant as garnishee, show to the court that said note was due and in the hands of the original payee, or if in the hands of a third person, that he held it fraudulently; wherefore," etc.

A demurrer was sustained to the second paragraph of the reply, and the appellant again excepted.

There was a trial by the court, resulting in a finding for the appellee, and, over a motion for a new trial, judgment was rendered on the finding.

The errors assigned are: 1. In overruling the demurrer to the answer. 2. In sustaining the demurrer to the second paragraph of the reply. 3. In overruling the motion for a new trial.

The objection urged against the answer is, that it appears therefrom that the judgment against the garnishee was irregular and erroneous, in this, that the note was not due at the time of the rendition of the judgment, and that the payee thereof was at that time a resident of the State of Indiana. In support of this position we are referred to the cases of *The Junction Railroad Co.* v. *Cleneay*, 13 Ind. 161, *Cleneay* v. *The Junction Railroad Company*, 26 Ind. 375, and *Cadwalader* v. *Hartley*, 17 Ind. 520.

In the case first cited this court say: " A person indebted by an unnegotiable note, or a note not assignable by the law merchant, may be made liable as a garnishee after such note has become due and before it is assigned. But he can not be, before it becomes due (*Smith* v. *Blatchford*, 2 Ind. R. 184), nor after he has had notice of the assignment of the note, if he rely upon such notice in his answer." The case of *Smith* v. *Blatchford, supra*, does not support the proposition of law announced by the court. In that case, the note was governed by the law merchant, and the court held, when such a note was assigned before maturity, the assignee would be protected. In a subsequent part of the opinion in the case first cited, the court say: " It was said above, that the maker of a note could not be subject to a judgment as garnishee, before the note fell due. This assertion should be qualified to some extent. He may be, where all the parties are residents of the State, and before the court, so that the maker may be protected from a second liability; though he can not be compelled to pay till the note falls due. *Brisco* v. *Askey*, 12 Ind. R. 666." The case of *Brisco* v. *Askey, supra*, was a proceeding supplementary to execution, and had no relation to a

proceeding in attachment and garnishment, and consequently had no application to the point then under examination.　The learned judge who delivered the opinion of the court in the case under review was doubtless misled in his references to authorities, and in applying to a non-negotiable note the law applicable to a note governed by the law merchant.

The only point decided in *Cadwalader* v. *Hartley, supra,* was, that where a person summoned as a garnishee answers that he was indebted to the attachment defendant, but that before the service of the writ of garnishment, he was notified of the assignment of the note constituting such indebtedness, if the plaintiff desires to dispute such assignment for want of consideration or for fraud, it is proper, if not necessary, to bring the person claiming to hold as assignee before the court, so that he may be bound by the judgment; and on the trial of the issue thus formed, the attachment defendant would be a competent witness.　We are unable to perceive the bearing of this case upon the one under examination. We think it has no application to the present case.

The case of *Cleneay* v. *The Junction Railroad Co.,* 26 Ind. 375, is the same case, with the parties reversed, as the one reported in 13 Ind. *supra.*　The court say: "By the statute, any person indebted to the attachment defendant may be garnished, and from the day of the service of the summons the garnishee is accountable to the attachment plaintiff for the amount due and owing from him to such defendant. 2 G. & H., secs. 175, 176, pp. 144, 145.　Commercial paper is no exception to this rule.　But in such case, before there can be a judgment rendered against the garnishee defendant, the plaintiff must show that the paper has matured, and that at the time of maturity it was held by the attachment defendant, or that it was not in the hands of a *bona fide* holder. This, we understand, is in accordance with the weight of authority.　Drake Attachment, sec. 587, *et seq.,* and authorities cited."

The above case overrules the case as reported in 13 Ind.,

*supra*, so far as it relates to notes not governed by the law merchant, and such ruling is in accordance with the statute. It is provided by section 183, 2 G. & H. 147, that "a garnishee in attachment shall not be compelled in any case to pay or perform any contract in any other manner, or at any other time, than he would be bound to do for the defendant in attachment." Why provide that the garnishee shall not be compelled to pay at any other time than he would have to pay to the attachment defendant, if he was only liable as a garnishee for such sum as was actually due at the time when the summons in garnishment was served upon him? We think the true meaning of the statute is, that any person who is indebted to a defendant in attachment, whether the debt is actually due or not, may be garnished, and that from the time of the service of the summons on him he shall be liable for the sum he then owes, and that in rendering judgment against him he shall be required to pay according to the terms of his contract. That is to say, that if his debt is due at the rendition of the judgment, he shall then be required to pay or replevy the judgment, but if the debt has, say six months to run, he shall be required to pay at the expiration of the six months.

Nor do we believe the principle announced in the above cited case in 13 Ind., that a judgment can only be rendered against a garnishee where all the parties are residents of the State, is correct. Where the defendant in attachment is a foreign corporation or a non-resident of the State, they may be brought in by publication; and when thus notified a defendant is before the court for all purposes except the rendition of a personal judgment. If the doctrine announced be correct, then a plaintiff in a foreign attachment could not proceed against a person indebted to the defendant, unless the debt was actually due. We do not think the statute will bear any such construction. The case of *The Junction Railroad Company* v. *Cleneay, supra,* is upon the point under examination overruled.

It is, in the next place, insisted that the answer was bad for

failing to show that the judgment rendered against him as garnishee had been paid. There is nothing in the the objection. It is well settled that the rendition of a judgment against a garnishee constitutes a valid defence to an action by the assignee of the note, if the judgment was rendered before the maker had notice of the assignment. *Covert* v. *Nelson*, 8 Blackf. 265; *Cornwell* v. *Hungate*, 1 Ind. 156; *Rooker* v. *Daniels*, 5 Ind. 519; *Shetler* v. *Thomas*, 16 Ind. 223; *Schoppenhast* v. *Bollman*, 21 Ind. 280; *Richardson* v. *Hickman*, 22 Ind. 244. In the last two cases cited, the judgments against the garnishees had been paid, but the reasoning of the court shows that it was the judgment, and not its payment, which constituted the bar to another action on the note. If the court acquired jurisdiction in the attachment proceedings against the defendant, the judgment against the garnishee would protect him, although the judgment was irregular and erroneous. See the above cases.

In our opinion, the answer was good, and the action of the court in overruling the demurrer thereto was correct.

We proceed to inquire whether the court erred in sustaining the demurrer to the second paragraph of the reply. That paragraph was predicated upon the theory that the note sued on was governed by the law merchant. This is a mistake. It was not commercial paper. It was not an inland bill of exchange. It was not a note payable in a bank in this State. In this State a note not payable in a bank in this State is assignable, but is not commercial paper. This question was fully considered in the recent case of *Parkinson* v. *Finch*, 45 Ind. 122, where the adjudged cases in this court were reviewed. The reply might have been good if the note in suit had been commercial paper, as to which we decide nothing; but as it is not, it is bad, and the court committed no error in sustaining the demurrer to it.

Aside from the questions considered, the motion for a new trial presents no question for our decision.

The judgment is affirmed, with costs.