Daggett *v.* Flanagan *et al.*

No. 6397.

## DAGGETT *v.* FLANAGAN ET AL.

<span style="float:right">78 253<br>134 604.</span>

MORTGAGE.—*Vendor and Purchaser.—Consideration.—Attachment. — Garnishee.—Notice.—Assignment.—Reply.*—To a complaint by the assignee of a mortgage against E., the mortgagee, and F., a subsequent purchaser, of the premises, F. answered that, as part of the consideration for his purchase of the land from E., he agreed to pay the mortgage debt, and was ready and willing to pay at maturity, but that he had been summoned as garnishee in an attachment suit against E., wherein judgment was obtained in favor of the attaching creditor, and thereupon, without notice of the assignment of the mortgage debt, he paid the amount thereof into court as such garnishee. Reply: 1st. That the plaintiff became assignee of the mortgage debt, without notice of the proceedings mentioned in the answer. 2d. That F. had notice of the assignment, but not alleging that such notice was before the payment by him. 3. That F., having failed in an effort to purchase the mortgage debt from the payee, for the fraudulent purpose of depriving the plaintiff of his debt, caused said attachment and garnishment proceedings to be begun, having good reason to believe that the plaintiff had purchased the debt and mortgage; that the plaintiff purchased for a valuable consideration, without knowledge of said garnishment proceedings, and that F. had notice of the plaintiff's purchase in time to have availed himself of the fact as a defence as garnishee, but fraudulently failed to do so.

*Held,* that all these paragraphs of reply were bad except the third, which was good, inasmuch as it, in effect, alleged notice of the assignment before judgment in the garnishment proceedings.

HARMLESS ERROR.—*Sustaining a demurrer to a good paragraph of reply is a harmless error, if there be other paragraphs of the reply remaining under which the same evidence is admissible.*

PRACTICE.—*Exceptions.— Waiver.*—An exception taken to sustaining a demurrer to a pleading is not waived by taking leave to amend the pleading, if the party afterward declines to amend and allows judgment to go on the demurrer.

SAME.—*Amendment.*—The allowance of an amendment to pleadings after the issues have been closed is so much in the discretion of the trial court, that it will be available error only when it appears that that discretion has been abused.

SAME.—*New Trial.*—The granting of a new trial is seldom available error, and never until a very clear and strong case is made out.

From the Cass Circuit Court.

*D. P. Baldwin* and *D. D. Dykeman,* for appellant.

*M. Winfield* and *J. C. Nelson,* for appellee.

ELLIOTT, C. J.—The complaint of the appellant alleges that the appellee Edwards executed to one Isabella Klopp three promissory notes, and to secure their payment executed to her a mortgage on real estate; that the said Isabella afterward assigned the notes and mortgage to the appellant, and that subsequent to the execution of the mortgage the appellee Flanagan purchased the real estate therein described. The answer of Flanagan is, in substance, as follows: That he purchased the mortgaged premises of Edwards, and as part of the consideration agreed to pay the notes and mortgage described in the complaint; that he was willing to pay so much of the mortgage as is due, and was willing and ready to do so on the day it became due; that before the notes became due, and before the appellee had any notice of the assignment, one Mary E. Klopp commenced proceedings in attachment against the plaintiff's assignor, before a justice of the peace; that, at the time the affidavit in attachment was filed, the attachment plaintiff also filed an affidavit against the appellee as garnishee; that process was duly served upon them; that the appellant's assignor appeared to said action, as did also the appellee; that issues were formed, trial had and judgment rendered in favor of the attaching creditor; that the appellee paid into court the money due upon the note in suit.

The second paragraph of appellant's reply alleges that before judgment in the attachment proceeding he purchased the note, paid full consideration thereof, and received it without notice of such proceedings. This paragraph of the reply is clearly bad. The maker of the note had a right to pay it to the party entitled thereto, and had also the right to pay the money into court after the service of the process upon him. *Sharts* v. *Awalt*, 73 Ind. 304. Of course, if there had been any notice of the assignment before such payment, it would have been otherwise. The appellant, having purchased after the commencement of the attachment proceedings, was a purchaser *pendente lite*, and can not recover from the garnishee who had paid the money before notice that there had been an as-

signment of the note.   If the assignment had been made prior to the commencement of such proceedings, and notice thereof had been given to the maker of the note, then a different question would be presented.

The third paragraph of the reply is substantially the same as the second, and for the reasons given is clearly bad.

The fourth paragraph of the reply is bad for the reason that it does not aver that Flanagan had notice of the assignment before he paid the money into court in the garnishee proceedings.   It avers that he had notice, but does not aver that it was prior to the payment of the money.

The fifth paragraph of the reply alleges that the attachment proceedings set forth in the answer were instituted by the appellee Flanagan, for the fraudulent purpose of depriving appellant of his debt; that Flanagan first attempted to purchase the notes and mortgage of the payee; that, failing to do so, he caused the attachment proceedings to be instituted and himself garnisheed; that he caused this to be done after he had reasonable cause to believe that appellant had purchased said notes and mortgage; that appellant purchased the said notes in good faith, for a valuable consideration, and before notice of the attachment proceedings; that Flanagan had notice of appellant's purchase in time to have availed himself of the same as a defence to the garnishee proceedings, but, pursuant to a fraudulent design to deprive appellant of his debt, neglected and failed to avail himself of such defence.

This reply is badly drawn, but is, we think, sufficient upon demurrer.   It shows notice to the appellee, it shows a fraudulent design to defeat appellant, and shows also that, pursuant to this design, the appellee himself caused the attachment proceedings to be instituted.   A maker of a note, who has notice of the assignment, can not defeat an assignee by fraudulently procuring garnishee process to be served upon himself, and then paying the money due upon the note to the plaintiff in the attachment proceedings.   After notice of the assignment, the maker of the note could not rightfully pay the note to any

one except the assignee. *King* v. *Vance*, 46 Ind. 246; *Covert* v. *Nelson*, 8 Blackf. 265.

This paragraph is good, for the reason that it shows notice to the maker before the judgment in the garnishee proceedings. For this reason the sixth paragraph of the reply is sufficient. Although both these paragraphs were good, we can not reverse the judgment. The seventh paragraph, to which a demurrer was overruled, sets forth substantially the same facts. It is, at least, of such a character as to admit all the material evidence that could have been introduced under the fifth and sixth paragraphs. The error in sustaining the demurrer was a harmless one.

Appellees insist that an exception was not properly reserved. We think otherwise. The record recites that the court "sustains the demurrer to the 2d, 3d, 4th and 5th paragraphs of the reply, to which ruling the plaintiff excepts, and plaintiff has leave to amend his reply by Tuesday." At a subsequent day this entry appears: "And the plaintiff declines to further amend his reply, and abides the ruling of the court on the demurrer." The exception was not withdrawn. No amendment was made, and the exception previously entered remained in full force. Nothing was done to impair its efficacy. No act was done by appellant which can be construed into an abandonment of his exception. *Washburn* v. *Roberts*, 72 Ind. 213. The case of *Kolle* v. *Foltz*, 74 Ind. 54, cited by the appellees, has no application, for the exception was not entered until a subsequent term.

Appellant complains that the appellee Flanagan was permitted to amend his answer after the issues had been closed, and after one trial had been had. The allowance of amendments is a matter very much within the discretion of the trial court, and unless there has been an abuse of this discretion, the appellate court will not interfere. We can not say that the court abused its discretion in this instance.

The court granted appellees a new trial, and the appellant bitterly attacks the ruling. The granting of new trials, like

the allowance of amendments, is a matter largely within the discretion of the trial court. It is very seldom, indeed, that judgments are reversed because a new trial was granted by the trial court. A very clear and strong case must be made out to justify interference. This is not such a case.

Judgment affirmed.